Frank Tufano
25 Dundaff ST
Carbondale, PA 18407
(917)599-2160
frankatufano@gmail.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENSNYLVANIA

FRANK TUFANO

        Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.

COUNTY OF LACKAWANNA

        Defendants

Case No.: 3:26-cv-879

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Lackawanna County hired Tyler Technologies to perform a property assessment of the county in order to re-evaluate property values to increase taxes.

2.  The proposed property value by Tyler Technologies is so grossly elevated it is only possible that they are either vastly unqualified to perform the assessment or are being incentivized to do such gross overestimation, a malicious attack on the people of Lackawanna County driven by the greed of government officials.

3.  There was a limited appeal window over the course of several months, in which Frank Tufano was physically incapacitated due to his partial blindness caused by several eye surgeries.

4.  Because of Frank Tufano's physical state, he was unable to appeal the increased property value, which is grossly inaccurate and way above market value.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

5. There are three properties Frank Tufano is affiliated with, all valuations estimated to be double what the fair market value is – 25 Dundaff ST in Carbondale, 92 Salem AVE in Carbondale, and 280 Hickory Ridge RD in Greenfield Township.

6. It is very obvious, based on the assessment done by Tyler Technologies, that they are either not qualified to be conducting the tax assessment, or are grossly elevating the property valuations to generate more revenue for the county.

7. Frank Tufano obtained professional property appraisals which valued these parcels at a significantly lower value than the assessment company hired by the County of Lackawanna.

8. Frank Tufano attempted to participate in the County's appeals process, which he was discriminated against for filing a lawsuit prior to his hearing, as the County intentionally did not mail out his hearing notice to any of his 3 addresses on file, causing him to miss his hearing date, and denying him due process.

9. The county further discriminated against Frank Tufano by not allowing him to represent himself Pro Se in the local court for discrimination against himself, which had nothing to o with his properties and whether or not they are under LLC's or his person. The county refused to allow Frank Tufano, as the tax paying representative, to participate in the Court of Common Pleas for Lackawanna County, continuing to ignore his civil filings and deny him due process.

## JURY TRIAL DEMANDED

10. The 7th Amendment to the U.S. Constitution guarantees the right to a jury trial in federal civil cases where the value in controversy exceeds $20.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 2

11. Frank Tufano requests all case decisions pertaining this matter be decided by a jury of his peers.

## JURISDICTION

12. The matter at hand is a Federal question and the amount in controversy exceeds $75,000.

## FIRST CLAIM FOR RELIEF
## THEFT BY DECEPTION

13. In Pennsylvania, theft by deception, as defined in Title 18 Pa.C.S.A. § 3922, involves intentionally obtaining or withholding someone else's property through deception. This deception can involve creating or reinforcing a false impression, preventing someone from acquiring information that would affect their judgment, or failing to correct a false impression.

14. Tyler Technologies has conspired with the County of Lackawanna to crease false property valuations in order to obtain monies and property through deception of said property.

## SECOND CLAIM FOR RELIEF
## CIVIL FRAUD

15. Civil fraud involving property value occurs when someone knowingly misrepresents the worth of a property to deceive another party, often for financial gain. This can happen in various scenarios, such as inflating a property's value to secure a loan or obtain a more favorable sale price.

    A. Misrepresentation of value: A core element is the deliberate misstatement of a property's true worth

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 3

B.  Intent to deceive: The misrepresentation isn't accidental; it's done with the purpose of misleading another party.

C.  Harm to another party: This deception results in financial or other harm to the person or entity being defrauded.

16. With such high estimated property values in relation to true market value – it is obvious that the County of Lackawanna has worked with Tyler Technologies to misrepresent property values in order to deceive owners and cause irreparable harm through an increase in taxes or loss of property due to inability to pay said increased tax valuations.

## THIRD CLAIM FOR RELIEF
## CIVIL CONSPIRACY

17. In Pennsylvania, a civil conspiracy claim requires proving that two or more people combined or agreed to commit an unlawful act or to do a lawful act in an unlawful manner, with an overt act in furtherance of the agreement causing actual legal damage. It's not a standalone tort, but rather must accompany another underlying civil wrong.

18. The County of Lackawanna conspired with Tyler Technologies, Inc. to commit fraud, by falsely elevating property valuations to steal monies and property from the residents of Lackawanna County.

19. The County has also conspired with local businesses benefiting from these tax evaluations, especially Real Estate companies with value assessment teams.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 4

## FOURTH CLAIM FOR RELIEF
## AMERICANS WITH DISABILITIES ACT OF 1990

20. As State and Local Government Services: Title II of the ADA prohibits discrimination in state and local government services, including courts. This includes ensuring access to court proceedings and services for individuals with disabilities.

21. This means that public entities must ensure equal access and opportunity for people with disabilities in all areas, including transportation, education, recreation, and government services.

22. Frank Tufano is identified as a disabled individual by the Social Security Administration for his poor vision.

23. Because of Frank Tufano's impaired physical condition, he was not able to receive mail in the normal fashion.

24. For such a significant and unlawful tax action, the County of Lackawanna should have to receive a response in order to warrant any action (increase of taxes) to any property owner.

25. Upon receiving no response for such a significant action, the County of Lackawanna should have made reasonable efforts to confirm that the owner of whichever properties received the notice.

26. In the case of Frank Tufano, the County of Lackawanna has taken advantage of Frank's disabled condition, his inability to receive and read mail for the first part of the year, in order to unlawfully increase his taxes to steal monies from him.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 5

## FIFTH CLAIM FOR RELIEF
## RETALIATION DISCRIMINATION

27. Frank Tufano followed the appeals process as dictated by the County of Lackawanna. He missed the first set of dates in Spring due to his medical procedures, however was able to attend the fall hearings.

28. Despite submitting for an appeal hearing for 3 separate properties, Frank Tufano did not receive one mail notice of the hearing date.

29. Frank Tufano suspects this is because he filed a lawsuit against the county before this appeal date, and the county officials were notified directly to not send Frank out his notices so that he would intentionally miss his hearing date.

30. In the winter, Frank presumed he had never been scheduled a hearing date so he went to the office to inquire. When inquiring he was informed that he missed his hearing date in early September, one of the first scheduled hearings, which he was never notified of at any of the 3 addresses on file.

31. The County of Lackawanna retaliated against Frank Tufano for seeking a civil claim against him by not allowing him to participate in the appeals process fairly.

## SIXTH CLAIM FOR RELIEF
## THE TAKINGS CLAUSE (FIFTH AMENDMENT)

32. Prohibits private property from being taken for public use without just compensation. Proponents of this view argue that forcing owners out of their homes due to high tax bills acts as a de facto seizure

33. The County of Lackawanna is attempting to force Frank Tufano out of his properties with a fraudulently high tax evaluation.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

## SEVENTH CLAIM FOR RELIEF
## DUE PROCESS CLAUSE (FOURTEENTH AMENDMENT)

34. Ensures fairness in taxing procedures. Arbitrary or excessively high property tax assessments, especially if they are not uniform, are seen as violations of due process.

35. There is clearly no fairness in the tax procedure if a professional evaluation gauged Frank Tufano's properties at a fraction of the value of the "professional" organization Tyler Technologies.

## EIGHTH CLAIM FOR RELIEF
## UNIFORMITY CLAUSE PENNSYLVANIA STATE CONSTITUION
## Article VIII, Section 1 (the Uniformity Clause)

36. Many state constitutions, such as Pennsylvania's, require taxes to be uniform. Inconsistent assessments, where similar properties have significantly different tax burdens, are frequently challenged on these grounds.

37. Article VIII Section 1 mandates that all taxes be uniform upon the same class of subjects within the territorial limits of the taxing authority. This requires that property assessments and tax burdens are equitable, prohibiting discriminatory, non-uniform, or graduated tax rates.

38. The assessed value of the properties are inconsistent with their recent sale value and the current market value, providing no reasonable basis for the elevated numbers provided by Tyler Technologies

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 7

## PRAYER FOR RELIEF

39. WHEREFORE, by reason of the acts and circumstances alleged herein, Frank Tufano seeks relief from this Court as follows:

A.  The County of Lackawanna be ordered to set Frank Tufano's property tax value at the fair value given to him by the professional appraisal agency OR:
Frank Tufano be reimbursed for the proposed increase taxes, an estimated amount of $33,000 per year for the next 40 years, a total of $1,320,000 that will be required to pay to the county due to fraudulently conspired tax valuation.

B.  Frank Tufano to be reimbursed for his costs in professional property valuations, equating to approximately $3,000.

C.  Frank Tufano to be reimbursed for $1,320,000 in punitive damages.

D.  Frank Tufnano to be compensated for $40,000 for disability discrimination.

E.  Frank Tufano to be compensated $250,000 for non-economic damages.

F.  Frank Tufano to be compensated $50,000 for retaliatory discrimination.

Dated: Monday, April 6, 2026

By:        /s/ Frank Tufano

Frank Tufano

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 8