IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,                     : Civil No. 3:26-CV-879
                                  :
        Plaintiff,                :
                                  :
                                  : (Judge Saporito)
        v.                        :
                                  :
                                  : (Chief Magistrate Judge Bloom)
TYLER TECHNOLOGIES, INC., et al.,:
                                  :
        Defendants.               :

REPORT AND RECOMMENDATION

Pending before the Court is an "emergency motion" filed by the *pro se* plaintiff, Frank Tufano.[1]   Tufano filed this action against the defendants, alleging that Tyler Technologies, Inc., in collusion with Lackawanna County, improperly inflated the value of his properties so that the County could impose a higher tax on him.[2]   Simultaneously, Tufano filed a motion for emergency relief, requesting that we stay his property tax requirements until the properties are assessed at what he believes is the accurate value.[3]

Tufano's motion is without merit.   The Tax Injunction Act ("TIA")

---

[1] Doc. 2.
[2] Doc. 1.
[3] Doc. 2.

provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[4]    As the Supreme Court has reasoned, if we permitted injunctive relief in this context,

> [S]tate tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts.[5]

Moreover, "the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."[6]    "This doctrine is rooted in the 'historical reluctance of the federal courts to interfere with the operation of state tax systems if the taxpayer had available an adequate remedy in

---

[4] 28 U.S.C. § 1341.
[5] *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 527 (1981) (quoting *Perez v. Ledesma*, 401 U.S. 82, 128, n.17 (1971) (quotation marks omitted).
[6] *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010).

the state courts.'"[7]

In our view, the TIA precludes this Court from granting Tufano the relief he seeks. While he appears to argue that the state procedure was fraudulent, his complaint asserts that he was unable to utilize the appeals process in state court due to his own physical incapacitation.[8] Thus, there is no indication that the remedy in state court was inadequate such that federal intervention is warranted.

Accordingly, IT IS RECOMMENDED THAT Tufano's emergency motion to stay tax proceedings be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.

---

[7] *Christian Congregation of Jehovah's Witnesses v. The Twp. of Gloucester*, Civ. No. 25-1459, 2026 WL 894283, at \*4 (D.N.J. Apr. 1, 2026) (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 412 (1982)).
[8] *See* Doc. 1 ¶¶ 3-4.

The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of April 2026.

_S/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge