## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  3:26-CV-00879** |
| | : | |
| **TYLER TECHNOLOGIES, INC.** | : | **JUDGE SAPORITO** |
| **and COUNTY OF** | : | |
| **LACKAWANNA,** | : | **CHIEF MAG. JUDGE BLOOM** |
| | : | |
| **Defendants.** | : | **ELECTRONICALLY FILED** |

## DEFENDANT TYLER TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS <u>PLAINTIFF'S COMPLAINT</u>

Daniel T. Brier
Frederick J. Lokuta
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Attorneys for Defendant,
Tyler Technologies, Inc.

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.    PROCEDURAL HISTORY ................................................................. 2

III.    FACTUAL HISTORY ......................................................................... 3

IV.    LEGAL ARGUMENT ........................................................................ 4

    A.    Mr. Tufano's Complaint Fails To Comply With the Pleading Requirements of Rule 8 of the Federal Rules of Civil Procedure ........................................................................ 4

    B.    The Complaint Fails To State a Claim Against Tyler ...................... 6

        1.    Mr. Tufano cannot assert the Pennsylvania Criminal Statutory Offense Theft by Deception as a civil cause of action ........................................................................ 7

        2.    Mr. Tufano's claim for fraud fails because he cannot allege any facts with particularity that support his specious claim .................................................................. 7

        3.    Because Mr. Tufano has failed to assert an actionable fraud claim, he cannot sustain a claim for civil conspiracy ................................................................... 8

        4.    Mr. Tufano's claim under the ADA fails because Tyler is not a public entity .................................................. 9

        5.    Mr. Tufano's ADA claim also fails because he cannot allege discrimination on the basis of any disability ............ 11

        6.    "Retaliation Discrimination" is not a recognized cause of action .......................................................... 12

        7.    Mr. Tufano's constitutional claims fail as a matter of law .............................................................. 12

8.      This action should be dismissed pursuant to the
        Abstention Doctrine ............................................................. 15

    C.    Amendment Would Be Futile.......................................................... 16

V.    CONCLUSION...................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Anthony v. Manges*, No. 1:23-cv-00067, 2025 WL 1385062 (W.D. Pa. 2025).... 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 4, 6

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004)................. 6

*Chiropractic America v. Lavecchia,* 180 F.3d 99 (3d Cir. 1999) ........................... 15

*Coit v. Wynder*, No. 1:22-cv-01277, 2023 WL 4278668 (M.D. Pa. 2023)............... 5

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) ................................. 6

*Deluca's Auto Repair Inc. v. City of Hazleton*, No. 3:25-cv-00511, 2026 WL
    852013 (M.D. Pa. 2026) ....................................................................................... 5

*Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*,
    913 A.2d 194 (Pa. 2006) ..................................................................................... 14

*Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585 (Pa. Super. 2004) ........................ 9

*Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3d Cir. 2004) .................... 15, 16

*Hickson v. Peco Energy Co.*, No. 25-cv-02980, 2025 WL 3678433 (E.D.
    Pa. 2025)............................................................................................................... 7

*Holst v. Oxman*, 290 F. App'x 508 (3d Cir. 2008)................................................. 16

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013)...................... 12

*Kowenhoven v. County of Allegheny*, 901 A.2d 1003 (Pa. 2006)..................... 13, 14

*Kuehner v. Parsons*, 527 A.2d 627 (Pa. Cmwlth. 1987) *appeal denied*, 517 Pa.
    626 (1988) ............................................................................................................ 8

*Lawal v. McDonald*, 546 F. App'x 107 (3d Cir. 2014)..............................................5

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993)....................................................17

*Matthews v. Pennsylvania Dep't of Corrs.*, 613 F. App'x 163 (3d Cir. 2015).......10

*McCartney v. Pennsylvania State Police*, No. 1:09-cv-1817, 2010 WL
2196429 (M.D. Pa. 2010)........................................................................................6

*National Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582
(1995)........................................................................................................................13

*Parker v. Universidad de Puerto Rico*, 225 F.3d 1 (1st Cir. 2000) ........................10

*Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. 2008) *appeal denied*, 600 Pa.
764 (2009) .................................................................................................................8

*Taggart v. Deutsche Bank Nat'l Tr. Co.*, No. 20-cv-05503, 2021 WL 2255875
(E.D. Pa. 2021) .........................................................................................................6

*Young v. Centerville Clinic, Inc.*, No. 09-cv-00325, 2009 WL 2448003 (W.D.
Pa. 2008).....................................................................................................................5

*Younger v. Harris*, 401 U.S. 37 (1971) ..............................................................15, 16

*Vallerey Stylianoudis v. Westinghouse Credit Corp.*, 785 F. Supp. 530 (W.D.
Pa. 1992)...................................................................................................................17

*Vogt v. Wetzel,* 8 F.4th 182 (3d Cir. 2021)...............................................................7

*Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039 (N.D. Cal. 2012)......11

*Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002) .........................................................16

iv

## STATUTES

Pa. Const. art. VIII, § 1................................................................................14

18 U.S.C. § 1983 ..............................................................................12, 13, 14

42 U.S.C.A. § 12131(1).............................................................................10

42 U.S.C.A. § 12132 ...................................................................................9

18 Pa. C.S.A. § 3922 ..................................................................................7

53 Pa. C.S.A. § 8844(c)(1) .......................................................................14

## RULES

Fed. R. Civ. P. 5(b)(2)(c)...........................................................................11

Fed. R. Civ. P. 8 ...............................................................................4, 5, 6

Fed. R. Civ. P. 8(a)......................................................................................4

Fed. R. Civ. P. 8(a)(2) .................................................................................4

Fed. R. Civ. P. 9(b)......................................................................................8

Fed. R. Civ. P. 12(b)(6) ..............................................................................6

L.R. 7.8(a)....................................................................................................4

## I.    <u>INTRODUCTION</u>

Plaintiff Frank Tufano brings this action *pro se* against the County of Lackawanna ("Lackawanna County") and Tyler Technologies, Inc. ("Tyler") asserting claims for theft, fraud, conspiracy, discrimination, and violation of constitutional rights arising out of alleged excessive property valuations purportedly performed in the course of a county-wide property tax assessment.

In July 2025, Mr. Tufano first attempted to bring claims against Defendants by filing a Complaint in the Court of Common Pleas of Lackawanna County, docket number 25-CV-5633 (the "State Action").  Following the filing of Defendants' preliminary objections, Mr. Tufano filed an amended complaint, to which Defendants again filed preliminary objections.  The Court of Common Pleas expeditiously rejected Mr. Tufano's facially defective claims by granting Defendants' preliminary objections in their entirety.  Rather than amend his already once-amended complaint, Mr. Tufano initiated the instant matter in federal court by filing a nearly identical Complaint to that of the State Action, *which remains pending.*[1]

_____

[1]   On April 6, 2026, Mr. Tufano filed a Notice of Appeal of an April 2, 2026 Order of the State Action court denying Mr. Tufano's March 23, 2026 Motion to Recuse and Stay Proceeding seeking "that Judge [James A.] Gibbons be disqualified from this case and the matter be stayed."  As of the date of this Memorandum's filing, Mr. Tuffano's appeal to the Pennsylvania Superior Court, Docket No. 723 MDA 2026, is pending.

Unsatisfied yet undeterred by the dismissal of his claims in the State Action—and apparently hoping for a different outcome—Mr. Tufano abandoned the forum he initially chose and now peddles his baseless claims in this Court. Such blatant forum shopping cannot be allowed. As in the State Action, Mr. Tufano's claims should be dismissed wholesale here.

## II.    <u>PROCEDURAL HISTORY</u>

Unlike most lawsuits at this early stage, this matter arrives before this Court with a protracted procedural history. Mr. Tufano commenced the State Action by filing a complaint in the Court of Common Pleas of Lackawanna County on July 25, 2025. On September 2, 2025, following the filing of Defendants' preliminary objections, Mr. Tufano filed an amended complaint which was essentially identical to the first complaint. Defendants again filed preliminary objections.

After oral argument, the Common Pleas Court issued an Order on March 19, 2026 granting Defendants' preliminary objections in their entirety and allowing 30 days for Mr. Tufano to file an amended complaint in accordance with the court's holding. Mr. Tufano failed to do so.

On April 6, 2026, Mr. Tufano initiated this action by filing a Complaint (ECF 1) containing a nearly identical factual background to the State Action complaint. Further, Mr. Tufano renewed four "Claims for Relief" which he also asserted in the State Action: (1) Theft by Deception; (2) Civil Fraud; (3) Civil Conspiracy; and (4)

Americans with Disabilities Act of 1990. The Common Pleas Court has already dismissed, as facially defective, each of the foregoing claims[2].

Mr. Tufano's instant Complaint also added four additional claims for relief: "Retaliation Discrimination;" "The Takings Clause;" "Due Process Clause;" and "Uniformity Clause: Pennsylvania State Constitution." *Id.*[3]

## III.   FACTUAL HISTORY

Mr. Tufano alleges that Lackawanna County hired Tyler to perform a county-wide property assessment and that Defendants conspired to fraudulently develop property assessment values far in excess of the properties' alleged market values. *See* Compl. ¶¶ 2, 16, 18.

---

[2]   By granting Defendants' demurrer preliminary objections in its March 19, 2026 order, the State Action court held that Mr. Tufano failed to state a claim upon which relief can be granted as to each of his "claims for relief." Also of note, the court cited Mr. Tufano's admission during oral argument that various business entities—and not Mr. Tufano personally—owned the properties at issue. Calling into question Mr. Tufano's standing to personally bring the State Action claims, the court stated, "we also advised Tufano that he cannot represent business entities in his appeals without a license to practice law." *See* March 19, 2026 Order by Hon. James A. Gibbons of the Lackawanna County Court of Common Pleas attached hereto as Exhibit A.

[3]   Also on April 6, 2026, Mr. Tufano filed an "Emergency Motion to Stay Real Estate Tax Proceedings and All Property Actions by the County of Lackawanna" in this Court. (ECF 2). On April 9, 2026, Chief Magistrate Judge Bloom issued a Report and Recommendation (ECF 6), which stated that Mr. Tufano's motion was "without merit" and recommended that it be denied. On April 14, 2026, Mr. Tufano filed an objection to the Report and Recommendation. (ECF 7).

Mr. Tufano purports to be "affiliated with" three properties in Lackawanna County: 25 Dundaff Street, Carbondale, 92 Salem Avenue, Carbondale; and 281 Hicky Ridge Road, Greenfield Twp, each of which he claims have been overvalued. *Id.* ¶ 5.

Mr. Tufano further alleges that due to "partial blindness caused by several eye surgeries," he was "unable to appeal the increased property value." *Id.* at ¶¶ 3-4. Mr. Tufano now improperly challenges those assessments.

## IV.    LEGAL ARGUMENT

### A.    Mr. Tufano's Complaint Fails To Comply With the Pleading Requirements of Rule 8 of the Federal Rules of Civil Procedure.

The Complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure and should be dismissed for that reason alone. Under Rule 8(a), a plaintiff is required to provide defendants with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 contemplates the statement of circumstances, occurrences, and events in support of the claim presented." *Anthony v. Manges*, No. 1:23-cv-00067, 2025 WL 1385062, at *2 (W.D. Pa. 2025) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (internal quotation marks omitted)).[4] This is because "[t]he purpose of Rule 8 is to prevent complaints that are ambiguous or vague enough to impede the defendant's ability to

---

[4]    Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

4

form a responsive pleading." *Young v. Centerville Clinic, Inc.*, No. 09-cv-00325, 2009 WL 2448003, at *1 (W.D. Pa. 2008).

The Complaint in this matter is wholly lacking in specificity with respect to its allegations pertaining to Tyler.  Indeed, the Complaint is devoid of any particularized factual allegations setting forth what Tyler is alleged to have done, when it did it, or how it caused any harm personally to Mr. Tufano.  Given the lack of plausible factual allegations against Mr. Tufano, as well as the Complaint's overall lack of coherence, the claims against Mr. Tufano should be dismissed under Rule 8.  *See, e.g., Anthony*, 2025 WL 1385062, at *3 (dismissing complaint that failed to "set[] forth a single set of circumstances or discrete factual allegations," and where many paragraphs were "argumentative rather than factual"); *Coit v. Wynder*, No. 1:22-cv-01277, 2023 WL 4278668, at *4 (M.D. Pa. 2023) (complaint ran afoul of Rule 8 where plaintiff did not clearly set forth "the factual grounds upon which [plaintiff's] specific claims rest").[5]

---

[5]  Moreover, the Complaint fails under Rule 8 because it relies entirely on sweeping, conclusory references to Lackawanna County and Tyler, allegedly acting in conspiracy with one another, yet the Complaint entirely fails to identify which specific alleged conduct by Tyler forms the basis for Plaintiff's causes of action. *See Deluca's Auto Repair Inc. v. City of Hazleton*, No. 3:25-cv-00511, 2026 WL 852013, at *8 (M.D. Pa. 2026) (dismissing complaint under Rule 8 because "plaintiff cannot allege personal involvement by repeatedly and collectively referring to the defendants as a group without clarifying the basis for either defendant's liability") (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (emphasis in

5

## B.    The Complaint Fails To State a Claim Against Tyler.

If not dismissed under Rule 8, Mr. Tufano's claims against Tyler fail for the additional reason that each cause of action set forth in the Complaint fails to state a plausible claim for relief.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a "court must construe the complaint in the light most favorable to a plaintiff . . . a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts." *Taggart v. Deutsche Bank Nat'l Tr. Co.*, No. 20-cv-05503, 2021 WL 2255875, at *4 (E.D. Pa. 2021) (citing *Connelly v. Lane Constr. Corp.*, 809 F. 3d 780, 780 (3d Cir. 2016); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F. 3d 126, 143 (3d Cir. 2004)).

And although pleadings from *pro se* litigants are generally construed "liberally . . . pro se litigants still must allege sufficient facts in their complaints to

---

original)). Plaintiff's lumped, group-pleading approach falls far short of Rule 8's fair notice requirement because it is impossible for each Defendant to understand which claims are being asserted against it and the specific grounds on which each claim rests. *See McCartney v. Pennsylvania State Police*, No. 1:09-cv-1817, 2010 WL 2196429, at *4 (M.D. Pa. 2010).

6

support a claim." *Hickson v. Peco Energy Co.*, No. 25-cv-02980, 2025 WL 3678433, at *2 (E.D. Pa. 2025) (quoting *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (internal quotation marks omitted)).

### 1. Mr. Tufano cannot assert the Pennsylvania Criminal Statutory Offense Theft by Deception as a civil cause of action.

Mr. Tufano's first claim for relief, theft by deception, fails as a matter of law. As a foundation for his cause of action, Mr. Tufano cites criminal statute 18 Pa. C.S.A. § 3922, Theft by Deception. *See* Compl. ¶ 13.

This statute, however, does not create a private cause of action and therefore cannot be used as the basis for Mr. Tufano's first Claim for Relief. *See Alfred M. Lutheran Distribs., Inc. v. A.P. Weilersbacher, Inc.*, 650 A.2d 83, 87 (Pa. Super. 1994) *appeal denied*, 540 Pa. 627 (1995). Mr. Tufano's first claim for relief should therefore be dismissed[6].

### 2. Mr. Tufano's claim for fraud fails because he cannot allege any facts with particularity that support his specious claim.

Mr. Tufano has failed to state a cognizable claim for fraud. "Actual fraud has five elements: there must be (1) a misrepresentation of material fact; (2) scienter; (3) intention by the maker to induce the recipient to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a

---

[6] Recognizing that "[t]his is a criminal charge for which there is no private right of action in a civil context," the court in the State Action dismissed this exact claim. *See* Ex. A.

proximate result." *Kuehner v. Parsons*, 527 A.2d 627, 629 (Pa. Cmwlth. 1987) *appeal denied*, 517 Pa. 626 (1988) (citation omitted). Further, fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b).

Mr. Tufano has failed to plead particular facts necessary to support a claim for fraud. Specifically, Mr. Tufano does not identify any misrepresentation(s) or that he justifiably relied upon the purported misrepresentations.

Mr. Tufano has also failed to articulate any damages that he suffered as a result of the alleged fraud. Therefore, Mr. Tufano's claim for civil fraud should be dismissed for failure to state a claim upon which relief may be granted[7].

### 3. Because Mr. Tufano has failed to assert an actionable fraud claim, he cannot sustain a claim for civil conspiracy.

Having failed to assert a single viable predicate claim, Mr. Tufano has also failed to state a claim for civil conspiracy.

A cause of action for civil conspiracy requires the following elements:

> (1) a combination of two or more people acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage.

*Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. 2008) *appeal denied*, 600 Pa. 764 (2009) (citations omitted).

---

[7] In dismissing Mr. Tufano's fraud claim, the State Action court noted that the claim "contained only the most vague and general conclusory allegations." *See* Ex. A.

Mr. Tufano's claim for civil conspiracy alleges that "The County of Lackawanna conspired with Tyler Technologies, Inc. to commit fraud . . ." *See* Compl. ¶ 18. As explained *supra*, however, Mr. Tufano has failed to state a cognizable claim for fraud. As a result, there can be no cause of action for conspiracy based upon that alleged fraud. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004) ("absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.") (citation and internal quotation omitted). *See also Phillips* 959 A.2d at 437 (holding that "claims for civil conspiracy fail as a matter of law" where no predicate cause of action exists.). As such, Plaintiff's claim for civil conspiracy should be dismissed.

### 4. Mr. Tufano's claim under the ADA fails because Tyler is not a public entity.

Mr. Tufano's Complaint fails to state a cognizable claim under the ADA.

Mr. Tufano purports to assert a claim under Title II of the ADA (Compl. ¶ 20), which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (emphasis added).

"Pursuant to the plain language of Title II, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or

9

activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000).

Mr. Tufano claims that Defendants violated the ADA because, due to his purported "impaired physical condition," which he describes as "poor vision" (Compl. ¶¶ 22-23), Mr. Tufano "was not able to receive mail in the normal fashion." *Id.* ¶ 23. Mr. Tufano further claims that "the County of Lackawanna should have to receive a response in order to warrant any action (increase in taxes) to any property owner." *Id.* ¶ 24.

As a matter of law, Tyler cannot be liable under Title II because it is not a "public entity" as defined by the statute.[8] Even assuming, *arguendo*, Tyler's status as a contractor of a public entity, Title II liability does not attach to private entities serving as government contractors. *Matthews v. Pennsylvania Dep't of Corrs.*, 613 F. App'x 163, 170 (3d Cir. 2015) ("we agree . . . that 'a private corporation is not a public entity merely because it contracts with a public entity to provide some

---

[8] "The term 'public entity' means—

(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C.A. § 12131 (1).

10

service.'") (citations omitted); *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) ("the Court concludes that Title II does not apply to government contractors").

Because Tyler is not a "public entity" to which Title II applies, Mr. Tufano's ADA claim against Tyler should be dismissed.

### 5. Mr. Tufano's ADA Claim also fails because he cannot allege discrimination on the basis of any disability.

Further, and independent of the inapplicability of the ADA's Title II to Tyler as a matter of law, the Complaint's ADA claim is substantively deficient because it fails to state how Mr. Tufano's alleged inability to "receive mail" excluded him from a public service, program, or activity, nor how Tyler allegedly played any role in the purported discrimination.

Mail is a widely accepted and utilized method of conveying documents, including service of legal papers. *See* Fed. R. Civ. P. 5(b)(2)(C). While Mr. Tufano may claim, without further elaboration, that he could not "receive" his mail, he does not establish how this purported inability "excluded him" from the property tax assessment process.

Mr. Tufano's ADA claim should therefore be dismissed for failure to meet the essential elements of the cause of action.

11

### 6. "Retaliation Discrimination" is not a recognized cause of action.

Mr. Tufano's fifth Claim for Relief is "Retaliation Discrimination." (Compl. ¶¶ 27-31.) The Complaint alleges that, because he filed an unspecified civil action against Lackawanna County, Mr. Tufano purportedly incurred retaliation by not being allowed to appeal his properties' tax assessments. *Id.* In addition to lacking in any specificity, Mr. Tufano's fifth claim for relief, "Retaliation Discrimination," has no discernible resemblance to any recognized cause of action. The claim should therefore be dismissed.

### 7. Mr. Tufano's constitutional claims fail as a matter of law.

Mr. Tufano's Complaint asserts three constitutional claims: (1) violation of the Takings Clause of the Fifth Amendment to the United States Constitution, (2) violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and (3) violation of the Uniformity Clause of the Pennsylvania State Constitution. *See generally*, Compl.

Although not explicitly stated, Mr. Tufano apparently asserts civil claims premised on alleged violations of the United States Constitution pursuant to 18 U.S.C. § 1983. These claims, however, must be dismissed for various reasons.

As a matter of law, Mr. Tufano cannot assert the Takings Clause of the Fifth Amendment to challenge a property tax. As succinctly set forth by the United States Supreme Court, "[i]t is beyond dispute that taxes are not 'takings.'" *Koontz v. St.*

12

*Johns River Water Mgmt. Dist.*, 570 U.S. 595, 616 (2013) (quotation marks and citations omitted). The Complaint in this case contains no allegations warranting a deviation from this well settled principle of law, and as such, Mr. Tufano's Fifth Amendment Claim should be dismissed.

Similarly, Mr. Tufano cannot maintain a due process claim under the Fourteenth Amendment. Courts have established that litigants cannot bring § 1983 claims to challenge taxes "where the state provides an adequate legal remedy." *Kowenhoven v. County of Allegheny*, 901 A.2d 1003, 1013 (Pa. 2006).

The United States Supreme Court, in *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, stated: "In concluding that Congress did not authorize damages actions in state tax cases brought in federal court, we found no evidence that Congress intended § 1983 to overturn the principle of federalism []." *National Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995). Further, while the *National Private Truck Council* case considered the ability of § 1983 litigants to obtain injunctive and declaratory relief, its reasoning has been equally applied to § 1983 actions, such as in this case, seeking monetary damages. *See Kowenhoven*, 901 A.2d at 1014.

Here, Mr. Tufano had adequate state remedies to challenge Lackawanna County's tax assessments. Initially, Mr. Tufano failed to avail himself of the administrative remedy available to him to challenge tax assessments in Lackawanna

13

County under Pennsylvania statutory law.[9]  Further, Mr. Tufano has sought relief in the Court of Common Pleas of Lackawanna County, in an action that remains pending as of the date of this filing.  Thus, where Mr. Tufano has "some reasonable means within the state court system to obtain redress for a violation of federal rights" (*Kowenhoven*, 901 A.2d at 1014), he cannot bring his grievances before this Court under the guise of a § 1983 action, and his claims here are properly dismissed.

Finally, Mr. Tufano's fails to state a claim under the Uniformity Clause of the Pennsylvania Constitution. Article VIII of the Pennsylvania Constitution states as follows:  "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."  Pa. Const. art. VIII, § 1.  "[A] taxpayer is entitled to relief under the Uniformity Clause where his property is assessed at a higher percentage of fair market value than other properties throughout the taxing district." *Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*, 913 A.2d 194, 199 (Pa. 2006). "A taxpayer may prove non-uniformity by presenting evidence of the assessment-to-value ratio of similar properties of the same nature in the neighborhood." *Id.* (quotation marks and citation omitted).

---

[9]  "Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest in the assessment, may appeal to the board for relief."  53 Pa. C.S.A. § 8844 (c)(1).

14

The Complaint makes no attempt to set forth a *prima facie* violation of the Uniformity Clause by alleging non-uniformity of the assessments at issue with those of other properties similarly situated in the neighborhood. Instead, the Complaint asserts, in conclusory and immaterial fashion, that "[t]he assessed value of the properties [at issue] are inconsistent with their recent sale value and current market value." (Compl. ¶ 38). Such allegations fall far short of stating a claim under the Uniformity Clause and should be dismissed.

### 8. This action should be dismissed pursuant to the Abstention Doctrine.

In light of the pending State Action in Lackawanna County, this collateral action in federal court should be dismissed pursuant to the Abstention Doctrine. "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004). The Abstention Doctrine is based on the principle that "federal courts must refrain from hearing constitutional challenges to state action under certain circumstances in which federal action is regarded as an improper intrusion on the right of a state to enforce its own laws in its own courts." *Chiropractic America v. Lavecchia*, 180 F.3d 99, 103 (3d Cir. 1999).

One basis, *inter alia*, for abstention is set forth in the United States Supreme Court decision, *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, which

15

"espouses a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *High Tech Trans, LLC*, 382 F.3d at 304. A *Younger* abstention is appropriate when "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002).

Here, all three *Younger* prongs are satisfied. As noted, a pending state judicial proceeding exists in the Lackawanna County Court of Common Pleas. Further, the State Action implicates important state interests, namely the imposition, determination, and collection of local taxes. Lastly, the third *Younger* prong is met because Mr. Tufano had ample opportunity to assert his constitutional challenges via the State Action in the Lackawanna County Court of Common Pleas.

Given the pending State Action, and in the interests of federalism, judicial economy, and avoidance of duplication of claims, this action should be dismissed under the Abstention Doctrine as articulated in *Younger*.

### C.    **Amendment Would Be Futile.**

Leave to amend is properly denied where amendment would be futile. *See Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (denial of leave to amend is proper on basis of futility where "complaint, as amended, would fail to state a claim upon which relief could be granted"). As set forth above, amendment would be

16

futile here because Plaintiff cannot plead any facts that would cure the defects in his Complaint. *See Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1414 (3d Cir. 1993) (denying leave to amend as futile because "even if they were pled, [] additional facts would not breathe life into" plaintiff's claim); *Vallerey Stylianoudis v. Westinghouse Credit Corp.*, 785 F. Supp. 530, 531 (W.D. Pa. 1992) (amendment was futile where plaintiffs' claims were barred by applicable statute). As such, Plaintiff's claims against Tyler should be dismissed without leave to amend.

## V.   **CONCLUSION**

For the foregoing reasons, the Court should dismiss the claims against Tyler asserted in the Complaint without leave to amend.[10]

---

[10] Indeed, Mr. Tufano has filed more than two dozen cases in this Court, and has had his claims repeatedly dismissed with prejudice, including where the Court noted that an appeal would be frivolous. *See, e.g., Tufano v. Fenix Internet, LLC*, No. 3:24-cv-01115-JFS (M.D. Pa.), ECF 9, report and recommendation adopted, ECF 12 (noting any appeal "is deemed frivolous and not taken in good faith"); *Tufano v. Reddit, Inc.*, No. 3:24-cv-01114-JFS (M.D. Pa.), ECF 8, report and recommendation adopted, ECF 9 (noting same).

17

Date:  May 18, 2026

Respectfully submitted:

/s/ Frederick J. Lokuta
Daniel T. Brier
Frederick J. Lokuta
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
flokuta@mbklaw.com

Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(2)

I, Frederick J. Lokuta, hereby certify that Defendant Tyler Technologies, Inc.'s Memorandum of Law in Support of Its Motion To Dismiss is in compliance with Local Rule 7.8(b)(2). The brief contains 4149 words as computed by Microsoft Office Word.

Dated: May 18, 2026            /s/ Frederick J. Lokuta
                               Frederick J. Lokuta

## CERTIFICATE OF SERVICE

I, Frederick J. Lokuta, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss was served upon the following parties via electronic and first-class mail, postage prepaid, on this 18th day of May 2026:

Frank Tufano
25 Dundaff Street
Carbondale, PA 18405
frankatufano@gmail.com


/s/ Frederick J. Lokuta
Frederick J. Lokuta