# Exhibit A

FRANK TUFANO,
             *Plaintiff,*

vs.

COUNTY OF LACKAWANNA;
and TYLER TECHNOLOGIES,
INC.,
             *Defendants.*

: In the Court of Common Pleas
: of Lackawanna County
:
:
:
: Civil Action – Law
:
:
:
:
: No. 25-CV-5633

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Frank Tufano (Tufano), proceeding *pro se*, brought this action against Lackawanna County and Tyler Technologies, Inc. alleging a host of claims arising out of the recent county-wide reassessment program. Both Defendants filed preliminary objections, some of which are meritorious upon even the most cursory review. For instance, Tufano's Amended Complaint contains a count seeking pre-complaint discovery. Simply put, there is no cause of action for pre-complaint discovery. It is a mechanism allowed in Pennsylvania Rule of Civil Procedure 4003.8 in certain instances to enable a potential claimant to obtain discovery for the purpose of drafting a complaint, which, of course, Tufano has already done. It is not in any way, shape or form, a cause of action. Another glaring deficiency is Tufano's inclusion in his Amended Complaint a claim for theft by deception. This is a criminal charge for which there is no private right of action in a civil context.

1

At the outset of argument on the preliminary objections, we inquired of Mr. Tufano why his Amended Complaint depicted him as being "affiliated with" the three properties which are the subject matter of his Amended Complaint. We flat out asked him if he owned the properties, and he said he does not. He indicated that the properties were owned by different business entities which he had formed, but that he was responsible for paying the taxes on these properties. Tufano acknowledged that he does not own the property at issue in his individual capacity.[1] Tufano included claims for civil fraud and civil conspiracy. His claim for civil fraud contains only the most vague and general conclusory allegations. Fraud must be pled with particularity. Pa.R.Civ.P. 1019. His claim for civil conspiracy seems to be based upon his civil fraud claim and, in its current form, the Amended Complaint provides no foundation for a claim in civil conspiracy.

In short, we will **SUSTAIN** the preliminary objections of both Defendants. We will permit Tufano to file *one more* amended complaint. It must, however, be consonant with the pleading requirements as well as our Rules of Civil Procedure. Tufano is *not* the named plaintiff in this case, and he cannot represent his business entities.

Moreover, Tufano acknowledged during argument that he served his Amended Complaint by mail on Lackawanna County. This he cannot do. Personal service is

---

[1] We also advised Tufano that he cannot represent business entities in his appeals without a license to practice law. We advised him repeatedly to obtain the services of counsel.

2

required, and Tufano acknowledged that was not accomplished here. Thus, there is another reason to sustain preliminary objections.

ACCORDINGLY, this 19th day of March, 2026, IT IS HEREBY ORDERED THAT:

1.  The preliminary objections of Lackawanna County are **SUSTAINED**;

2.  The preliminary objections of Tyler Technologies, Inc. are **SUSTAINED**;

3.  The Amended Complaint in this matter is **DISMISSED WITHOUT PREJUDICE** to the filing of a second amended complaint consistent with this Order within thirty (30) days.

BY THE COURT:

_____, P.J.
James A. Gibbons

Frank Tufano (pro se)
frankatufano@gmail.com

Sean P. McDonough, Esquire
smcdonough@dlplaw.com
**Counsel for Lackawanna County**

Daniel T. Brier, Esquire
dbrier@mbklaw.com
Frederick J. Lokuta, Esquire
flokuta@mbklaw.com
**Counsel for Tyler Technologies, Inc.**

3