UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,

      Plaintiff,

      v.

TYLER TECHNOLOGIES, INC.,
et al.,

      Defendants.

CIVIL ACTION NO. 3:26-cv-00879

(SAPORITO, J.)

## ORDER

Now before the court is a report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom, in which he recommends that the plaintiff's pro se emergency motion to enjoin certain state court property tax proceedings and related collection or enforcement activities by local government tax authorities be denied. Doc. 6. The magistrate judge has recommended that the motion be denied on the grounds that the requested relief is barred by the Tax Injunction Act, 28 U.S.C. §1341, as well as the comity doctrine, *see Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010). *Id.*

Tufano has filed objections to Judge Bloom's report and recommendation. Doc. 7. We have conducted a de novo review of the

contested portions of the report, but find the plaintiff's objections to be unpersuasive and without merit. *See Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 181 (1981) (noting that § 1341 and the comity doctrine bar federal courts from granting injunctive or declaratory relief in state tax cases, and further holding that the principle of comity bars federal courts from granting damages relief in such cases); *Himchack v. Att'y Gen. Pa.*, 622 Fed. App'x 99, 102 (3d Cir. 2015) (per curiam) ("We have repeatedly held that the Pennsylvania state courts provide a 'plain, speedy, and efficient' remedy for challenges to a county's assessment of real property taxes, and [the plaintiff] has not demonstrated that the state's administrative and judicial systems are inadequate or unavailable to him."). *See generally* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. As noted above, we find Judge Bloom's analysis to be well-reasoned and fully

supported by the record and applicable law, and we find Tufano's specific objections to be without merit. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The report and recommendation of Judge Bloom (Doc. 6) is **ADOPTED**;

2.      The plaintiff's pro se emergency motion for preliminary injunctive relief (Doc. 2) is **DENIED**; and

3.      This matter is **REMANDED** to the Judge Bloom for all further pretrial proceedings.


Dated: June 25, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge